# EXHIBIT B

Andrew L. Indeck, Esq. NJ Attorney ID No.: 038041988
Kenneth E. Sharperson, Esq. NJ Attorney ID No.: 031132001
WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP
20 Independence Boulevard, Suite 201
Warren, NJ 07059
(973) 242-1364
*Attorneys for Plaintiff, City of Asbury Park*

| | |
|---|---|
| CITY OF ASBURY PARK,<br><br>Plaintiff,<br><br>v.<br><br>STAR INSURANCE COMPANY and JOHN DOES CORPORATIONS (1-10)<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - MONMOUTH COUNTY<br>DOCKET NO.: MON-L-<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, City of Asbury Park (the "City"), by way of Complaint, hereby states:

### PRELIMINARY STATEMENT

This is a declaratory judgment action, brought pursuant to the Uniform Declaratory Judgment Act, N.J.S.A. 2A:16-50 et seq., seeking a judicial determination of the rights and obligations of the respective parties out of the proceeds of settlement monies set aside as partial satisfaction of a Workers' Compensation lien. The City, as the subrogated plaintiff, seeks a declaration that it is entitled to recover its $400,000 self-insured retention paid to an injured city employee in satisfaction of a Workers' Compensation claim.

### PARTIES

1. The City is Municipal Corporation with a principal place of business at One Municipal Plaza, Asbury Park, New Jersey 07712.

2. Star Insurance Company ("Star"), upon information and belief, is a corporation of the State of Michigan with its principal place of business at 26255 American Drive, Southfield, Michigan 48034.

3. Star, upon information and belief, "conducts business" in the State of New Jersey and specifically in Monmouth County.

### FIRST COUNT

4. Defendant, Star, issued a certain "Commercial Lines" policy of insurance to the City under Policy No. CP 05136 38. The policy contains a "Public Entity Excess Liability Form" and an "Excess Workers' Compensation Endorsement." The policy period ran from February 15, 2010 to February 15, 2011 (the "Policy").

5. The Policy's "Excess Workers' Compensation Endorsement" provides coverage for Workers' Compensation claims and provides the following insuring agreement:

> Condition I –Insuring Agreement provides:
>
> The **INSURER** agrees to indemnify the **INSURED** for **LOSS**, in excess of the **SELF-INSURED RETENTION**, which loss is sustained, by the **INSURED**, because of liability imposed upon the **Insured**

6. Condition III contains a self-insured retention clause which provides:

> . . . the **INSURED** shall retain, as to each **OCCURRENCE**, as a self-insured retention and for the **INSURED'S** own account
>
> 1. That amount stated in the POLICY DECLARATIONS, and
> 2. all interest costs, which interest shall not reduce the self-insured retention, and
> 3. all costs and expenses of any and all investigation, defense, negotiation and settlement,

7. The POLICY DECLARATIONS provide that the Self-Insured Limit Retention for Workers' Compensation is $400,000.

8. On January 10, 2011, Jason Fazio ("Fazio"), an employee of the City's Fire Department, suffered life-threatening injuries while fighting a fire.

9. Fazio initiated a Workers' Compensation action titled Jason Fazio vs. the City of Asbury Park, and the City paid the full limits of its self-insured retention of $400,000 pursuant to the terms of the Policy.

10. After the City satisfied its **SELF-INSURED RETENTION**, Star paid $2,607,227.50 in Workers' Compensation benefits as required under the Policy.

11. The payments by the City and Star created a total Workers' Compensation Lien in the amount of $3,007,227.50 on any recovery by Fazio against a third-party pursuant to N.J.S.A. 34:15-40 (which provides that an employer shall be entitled to be reimbursed for its workers' compensation payments).

12. On December 28, 2012, Fazio sued a third-party in an action titled Fazio v. Jackson Land-Kovitz, L.L.C., et al, Docket No. Mon-L-37-13 ("Fazio Action") seeking damages for the injuries he suffered on January 10, 2011.

13. The City and Star asserted a Workers' Compensation lien in the Fazio Action in order to preserve their respective right to be reimbursed out of the proceeds recovered by Fazio for Workers' Compensation payments made by each of them to Fazio.

14. The Fazio Action eventually settled for $2,700,000.

15. Fazio agreed to set aside $935, 968.25 of the settlement proceeds (the "Settlement Sum") in partial satisfaction of all liens held by the City and Star on Fazio's recovery.

16. The City has subrogation rights arising out of its payment of its self-insured retention of $400,000.00 and is entitled to be reimbursed out of the Settlement Sum.

17. Despite the City's satisfaction of its self-insured retention and its subrogation rights, Star seeks to recover the entire Settlement Sum in satisfaction of its Workers' Compensation payments to Fazio to the exclusion of the City.

18. The Settlement Sum is currently being held in escrow by Workers' Compensation Defense Counsel James Supple ("Supple") of Supple, Dipopolo & Watson, LLC and the funds cannot be disbursed until Supple is directed by the City or Star or ordered by the Court.

19. An actual controversy exists between the City and Star and this Court is vested with the power to declare the rights and liabilities of the parties hereto and grant such relief as it deems necessary and proper.

WHEREFORE, Plaintiff, City of Asbury Park, respectfully requests this Honorable Court to declare and adjudge the controversy as follows:

(a) Declare that the City has satisfied its self-insured retention and be reimbursed prior to Star in the amount of $400,000 out of the Settlement Sum;
(b) Declare that Star is entitled to the remaining $535,968.25 out of the Settlement Sum; and
(c) For such other relief as this Court deems just and equitable.

### TRIAL ATTORNEY DESIGNATION

Pursuant to the provisions of Rule 4:25-4, Andrew L. Indeck, Esq. of Weber Gallagher Simpson Stapleton Fires & Newby, LLC is hereby designated as trial counsel.

### CERTIFICATION

Pursuant to Rule 4:5-1, the undersigned certifies that to the best of his knowledge the within matter in controversy is not the subject of any other action pending in any other Court, or

pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

                                          **WEBER, GALLAGHER, SIMPSON,**
                                          **STAPLETON FIRES & NEWBY, LLP**
                                          Attorneys for *Plaintiff, City of Asbury Park*

Dated:    May 9, 2017                  By: _____
                                                  Andrew L. Indeck