NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF ASBURY PARK, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 17-5059-BRM-LHG |
| v. : | |
| : | |
| STAR INSURANCE COMPANY and : | OPINION |
| JOHN DOES CORPORATIONS (1-10), : | |
| : | |
| Defendants. : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff City of Asbury Park's (the "City") Motion to Remand the case to the Superior Court of New Jersey, Monmouth County, Law Division. (ECF No. 6.) Plaintiff Star Insurance Company ("Star") opposes the Motion. (ECF No. 8.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, the City's Motion to Remand is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On May 11, 2017, the City filed a single-count Complaint (ECF No. 1-2) in the Superior Court of New Jersey, Monmouth County, Law Division, under Docket Number MON-1820-17, seeking a declaratory judgment under the Uniform Declaratory Judgment Act, N.J.S.A. 2A:16-50, *et seq.*, to determine "the rights and obligations of the respective parties out of the proceeds of settlement monies set aside as partial satisfaction of a Workers' Compensation lien." (ECF No. 1-2 at "Preliminary Statement.")

According to the Complaint, Star issued a commercial line of coverage to the City, which ran from February 15, 2010, to February 15, 2011, and provided coverage for workmen's

compensation claims. (*Id.* at ¶¶ 4-5.) The policy also included a self-insured retention clause, requiring the City to "retain, as to each occurrence, as a self-insured retention and for the insured's own account," $400,000.00, as stated in the policy declarations. (*Id.* at ¶¶ 6-7.)

On January 20, 2011, Jason Fazio ("Fazio"), an employee of the City's Fire Department, "suffered life-threatening injuries while fighting a fire." (*Id.* at ¶ 8.) Following a workmen's compensation action by Fazio, and pursuant to the policy, the City paid the $400,000.00 self-insured retention limit and Star paid $2,607,227.50 in workmen's compensation benefits, which, pursuant to N.J.S.A. 34:15-40, created a lien totaling $3,007,227.50. (*Id.* at ¶¶ 9-11 (citing N.J.S.A. 34:15-40(b) (entitling employers to be reimbursed for workmen's compensation payments by placing liens against any third-party recovery paid to the employee)).)

On December 28, 2012, Fazio filed suit against a third party related to the injuries suffered on January 10, 2011, and the City and Star asserted a workmen's compensation lien in order to preserve their reimbursement rights. (*Id.* at ¶¶ 12-13 (citing *Fazio v. Jackson Land-Kovitz, LLC, et al.*, Dkt. No. Mon-L-37-13).) Fazio settled for $2,700,000.00 and agreed to set aside $935,968.25 of that amount in partial satisfaction of all liens held by the City and Star. (*Id.* at ¶¶ 14-15.) The $935,968.25 is being held in escrow by workmen's compensation defense counsel until otherwise "directed by the City or Star or ordered by the Court." (*Id.* at ¶ 18.)

The City argues an actual controversy exists between the City and Star. (*Id.* at ¶ 19.) Star seeks to recover the entire amount being held in escrow, but the City argues it "has subrogation rights arising out its payment of its self-insured retention of $400,000.00 and is entitled to be reimbursed out of the" amount in escrow. (*Id.* at ¶¶ 16-17.) Accordingly, the City filed its Complaint seeking "a declaration that it is entitled to recovery of its $400,000 self-insured retention paid to [Fazio] in satisfaction of a Worker's Compensation claim." (*Id.* at "Preliminary

Statement.")

On July 11, 2017, Star filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting this Court's jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. (ECF No. 1) In support, Star contends: (1) the City is a municipal corporation of the State of New Jersey with its principal place of business at One Municipal Plaza, Asbury Park, New Jersey; (2) Star is a corporation of the State of Michigan with its principal place of business at 26255 American Drive, Southfield, Michigan; and (3) the amount in controversy—$400,000.00—is more than $75,000.00. (*Id.* at ¶¶ 1, 2, and 5.) Star served the Notice of Removal on the City a day later, on July 12, 2017. (Reply (ECF No. 9) at 1.)

On August 1, 2017, Star filed its Answer with Counterclaims, seeking its own declaratory judgment, alleging the City is not entitled to subrogation until Star has been paid in full, because the policy only agreed to indemnify the City for a covered workmen's compensation loss in excess of the City's self-insured retention. (ECF No. 5 at ¶¶ 5, 17, 18.) Additionally, Star asserts a breach of contract claim, contending the City, "[b]y refusing to consent to the release of the escrowed funds to Star, . . . has breached its contractual obligation to execute and deliver instruments and papers and do whatever else is necessary to secure Star's subrogation rights." (*Id.* at ¶ 21.)

On August 11, 2017, the City filed this Motion for Remand, arguing: (1) the litigation arises under State workmen's compensation laws and, pursuant to 28 U.S.C. § 1445(c), this Court does not have jurisdiction; and (2) in the event the Court finds it does have jurisdiction, this Court has discretion to remand declaratory judgment actions to state court and should do so here. (Br. in Supp. of Mot. (ECF No. 6-2).) On August 22, 2017, Star filed its opposition, arguing: (1) the City's Motion should be denied as untimely, because it was filed on August 11, 2017, and not August 10, 2017; (2) the action does not arise out of workmen's compensation law and therefore, the Court

has jurisdiction; and (3) the Court should retain jurisdiction because there is no parallel state proceeding. (ECF No. 8.)

**II.   LEGAL STANDARD**

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

**III.   DECISION**

### A. Remand Based On Claims Arising Under Workmen's Compensation Law

The substantive issue underlying the City's Motion—an issue we ultimately do not reach—is whether the action "arises under" the State's Workmen's Compensation Law. Section 1445 of Title 28 of the U.S. Code lists nonremovable actions and states, in pertinent part, "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The City argues the matter arises out of New Jersey's Workmen's Compensation Law, N.J.S.A. 34:15-40, which permits the employer or its insurance carrier to be reimbursed if the employee recovers from a third party. The relevant portion of the statute states:

> Where a third person is liable to the employee or his dependents for

4

> an injury or death, the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee or his dependents, nor be regarded as establishing a measure of damage therein. In the event that the employee or his dependents shall recover and be paid from the said third person or his insurance carrier, any sum in release or in judgment on account of his or its liability to the injured employee or his dependents, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.
> . . . .
> (b) If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.

N.J.S.A. 34:15-40. The City argues the matter should be remanded because both parties are "attempting to assert its right to a lien pursuant to" this statute. (ECF No. 6-2 at 5.)

In opposition, Star contends the matter does not "arise under" the State's Workmen's Compensation Law because the parties "do not dispute" the existence of their respective liens on Fazio's third-party recovery, and for that reason, the true dispute lies in the policy agreement. (ECF No. 8 at 4.) According to Star, this is nothing more than a contract dispute in which the Court must determine "whether, under the terms of their contract, a self-insured retention should be reimbursed out of the proceeds of a recovery from a third-party tortfeasor before payments by an excess insurer are reimbursed." (*Id.*)

"Whether a claim 'arises under' a state's workmen's compensation laws is a question of federal law." *Ingram v. DESA*, No. 08–1326, 2008 WL 2246428, at *2 (E.D. Pa. May 30, 2008) (citing *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705, 92 S. Ct. 1344, 31 L.Ed.2d 612 (1972), and *Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir. 2000)). The Third Circuit has not

opined on the issue, little case law exists at the district level in this Circuit, and other circuits are split nationwide.[1] However, the Court need not engage in a discussion and survey of those cases, because Star contends the Motion is procedurally defective. Specifically, Star alleges the City's Motion is untimely.

A challenge to removal based on 28 U.S.C. § 1445(c) is a challenge based on a procedural defect. *U.S. Fid. & Guar. Co. v. McAuliffe*, Civ. A. No. 94-4431, 1996 WL 18837, at *6 (E.D. Pa. Jan. 18, 1996) (citing *Williams v. AC Spark Plugs Division of General Motors Corp.*, 985 F.2d 783, 788 (5th Cir. 1993)). *See also Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002); *Sandlass v. Sears, Roebuck & Co.*, 462 F. Supp. 2d 701, 704-705 (D. Md. 2006); *Magruder v. Scope Services, Inc.*, 287 F. Supp. 2d 628 (W.D. N.C. 2003). Therefore, according to 28 U.S.C. § 1447(c), the "motion to remand . . . must be made within 30 days after the filing of the notice of removal."[2] The City argues the time to file its motion should be tolled by one day, and the thirty-day clock should start on July 12, 2017, rather than the July 11, 2017 filing date, because Star served the City with the motion on the later date. The Court disagrees and finds the

---

[1] The only two cases the Court found discussing "arising under" with respect to § 1445(c) in this Circuit were *Milko v. Int'l Flavors & Fragrances, Inc.*, Civ. A. No. 15–8291(MAS)(TJB), 2016 WL 8709998, at *2 (D.N.J. July 29, 2016), and *Ingram*, 2008 WL 2246428, at *2. While both are factually distinctive, they indicate that "a civil action 'arises under' a state's workmen's compensation laws within the meaning of § 1445(c) if the success of the plaintiff's cause of action depends upon a particular interpretation of the workers' compensation laws, or where the state's workers' compensation laws create the plaintiff's cause of action." *Milko*, 2016 WL 8709998, at *2 (quoting *Ingram*, 2008 WL 2246428, at *2 (citing *Harper*, 392 F.3d at 203)). For a discussion of the nationwide split and cases in support thereof, see Charles Alan Wright, *et al.*, 14C Fed. Prac. & Proc. Juris. § 3728 & n.91 (4th ed.).

[2] There does not appear to be a dispute regarding the procedural nature of the City's challenge. Initially, the City argued its Motion was founded on subject matter jurisdiction and, therefore, may be raised at any time. However, in its Reply, the City abandoned this argument and only asks the Court to toll the thirty-day deadline for motions based on procedural defects. Regardless, the law is clear a challenge based on § 1445 in procedural in nature.

Motion was not timely filed.

Section 1447 explicitly requires motions for remand "be made within 30 days after the *filing* of the notice of removal," 28 U.S.C. § 1447(c) (emphasis added), and the Court has no discretion with respect to that time limit. *Air–Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989) ("By remanding the case for procedural defects after the thirty day limit imposed by . . . Section 1447(c) had expired, the district court 'exceeded [its] statutorily defined power.'" (quoting *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S. Ct. 584, 46 L.Ed.2d 542 (1976))); *Perea v. Benjamin H. Realty Corp.*, Civ. A. No. 16-770 (KM), 2016 WL 5858654, at *4 (D.N.J. Oct. 4, 2016) (denying remand and strictly enforcing the thirty-day deadline in § 1447(c)); *Ramos v. Quien*, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008) (declining to extend plaintiff's time to file its motion to remand where defendant served its notice of removal by mail and stating, "A district court does not have the statutory authority to remand a case because of a procedural defect . . . after section 1447(c)'s thirty-day limit expires). By failing to timely file its motion, the City waived its procedural defect arguments under 28 U.S.C. § 1445. *See Escanio v. United Parcel Service*, 538 Fed. App'x 195 (3d Cir. 2013); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000). Having done so, the Court finds diversity jurisdiction is sufficiently plead (*see* ECF No. 1 at ¶¶ 1, 2, and 5), and therefore, the matter is properly before this Court.

### B. Remand Based On The Declaratory Judgment Act

In the alternative, the City asks the Court to exercise its discretion and decline adjudicating the declaratory judgment claims, which, it argues, are "purely state insurance law matters." (ECF No. 6-2 at 9.) The City contends this case is better suited for resolution in state court because "the City and Star both seek a declaratory judgment on a question of state law, to wit: whether they are entitled to full reimbursement of insurance payments pursuant to a workers compensation lien prior to the excess carrier obtaining reimbursement." (*Id.* at 8-9.)

The Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), provides that a court, "[i]n a case of actual controversy within its jurisdiction, . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). District courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (internal citations omitted). "[T]he jurisdiction conferred by the Act [is] discretionary, and district courts [are] under no compulsion to exercise it." *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000). Of course, in exercising that discretion, a district court must act "in accordance with the purposes of the [DJA] and the principles of sound judicial administration." *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005) (citation omitted).

Where a suit seeking a declaratory judgment is in federal court, but "present[s] only questions of local laws, the court is under 'no compulsion to exercise [ ] jurisdiction' if a *parallel state court proceeding* would address the matters in controversy between the parties." *Marshall v. Lauriault*, 372 F.3d. 175, 184 (3d Cir. 2004) (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494–95, 62 S. Ct. 1173, 86 L.Ed. 1620 (1942)). Therefore, the "critical question" is "whether the questions in controversy between the parties to the federal suit, and which [were] not foreclosed under the applicable substantive law, can better be settled in the proceeding *pending in the state court*." *Summy*, 234 F.3d at 133 (quoting *Brillhart*, 316 U.S. at 495) (emphasis added).

Significantly, for this Court to abstain from adjudicating the declaratory judgment claims, the Court would need to compare this case with a parallel, pending state proceeding. *See Brillhart*, 316 U.S. at 495; *Marshall*, 372 F.3d. at 184; *Summy*, 234 F.3d at 133. While prior related proceedings took place at the State and administrative levels, no action is pending in State court at this time. Therefore, the Court declines to exercise its discretion in abstaining under the DJA and

will retain jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the City's Motion to Remand (ECF No. 6) is **DENIED**. An appropriate Order will follow.

Date: March 26, 2018          */s/ Brian R. Martinotti*
                              **HON. BRIAN R. MARTINOTTI**
                              **UNITED STATES DISTRICT JUDGE**